GOSS PRINTING–PRESS CO. v. SCOTT.

(Circuit Court, D. New Jersey. December 11, 1896.)

WITNESS—EVIDENCE TO SHOW INTEREST IN SUIT—RIGHT TO REQUIRE PRODUCTION OF PRIVATE PAPERS.

A witness cannot be compelled on cross-examination to produce contracts between himself and the adverse party, containing matters of a private nature, nor to disclose their contents, on the ground that they will disclose the nature and extent of his interest in the litigation, when it is admitted on the record, by the party producing him, that he has a substantial financial interest in the result of the suit.

Motion for a rule upon a witness to require him to produce certain documents, and to answer questions relating thereto.

C. E. Pickard, for complainant.

W. H. L. Lee, for defendant.

KIRKPATRICK, District Judge. The facts in this case are undisputed. It appears that Joseph C. Firm was called as a witness

for the defendant, and afterwards, in rebuttal, was examined on the part of the plaintiffs. Upon cross-examination it was shown that he had made three agreements with the plaintiff company respecting royalties, or payments in lieu thereof; he being the inventor, and the plaintiffs his assignees. The defendant sought to compel the production of these agreements, upon the ground that they were material to show the extent of the witness' interest in the suit, and the exact nature thereof. Witness, by advice of counsel, refused to produce the agreements, and the motion now is to compel him to do so. The defendant's counsel states that it clearly appears by the evidence in the cause, and it is admitted, for the purpose of this suit, by the counsel for the plaintiffs, that the witness is financially interested to a substantial extent in the outcome of the litigation; and upon the hearing of the motion an affidavit was filed setting out that matters of a private nature were contained in the agreements between the witness and the plaintiff corporation. I am therefore of the opinion that the witness should not be compelled to produce them. The interest of a witness in the subject-matter of a controversy may be shown to affect his credibility, but it does not follow that the weight to be attached to his evidence varies with the amount of his interest. The defendant, not being entitled to the production of the within agreements, cannot seek the disclosure of their contents by oral testimony. The motion of the defendants is denied.